CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
DAVID MENNINGER (Bar No. 281460)
David_Menninger@fd.org
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1891
Facsimile: (213) 894-0081

Attorneys for Defendant
GUSTAVO TORRES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

GUSTAVO TORRES, et. al.,

Defendant.

Case No. CR 25-424-PA-1

**DEFENDANT GUSTAVO TORRES'S POSITION ON SENTENCING**

## I. INTRODUCTION

Gustavo Torres stands before the Court for obstructing and impeding federal officers, a thoughtless act for which he was immediately remorseful. Although Mr. Torres admits he has made youthful mistakes, he has also demonstrated rehabilitation. In addition to maintaining sobriety, he has excelled on the job; his manager describes his stellar work ethic and positive attitude. Although he accepts that he will have to serve a sentence of imprisonment for this offense, he has laid the groundwork to be a productive member of society.

In accordance with the parties' plea agreement, Mr. Torres requests a sentence of 12 months' imprisonment, one year probation, no fine, and a $25 special assessment.

## II. FACTS

### A. Mr. Torres's background

Mr. Torres was raised in Wilmington, California, by working-class parents. (PSR ¶¶ 74-76.) He lived in a rough neighborhood but remembers a loving childhood. (*Id.* ¶¶ 77-78.) As a young man, Mr. Torres struggled with marijuana and alcohol addiction. (*Id.* ¶ 96.) Around 2020, his father grew very sick from diabetes. (*Id.* ¶ 79.) Mr. Torres helped care for him until his death, an event that greatly affects Mr. Torres to this day. (*Id.*)

### B. Mr. Torres's thoughtless decision to impede law enforcement and his immediate remorse

On February 28, 2025, Mr. Torres and his partner, Kiara Jaime-Flores, were at their home in South Los Angeles when they saw a posting on TikTok about alleged immigration activity in their neighborhood. (*Id.* ¶ 30.) Mr. Torres had no links to any activist organizations and had not engaged in any protest activity before. (*Id.* ¶ 32.) But in the heightened political climate, Mr. Torres—without much thought—decided to try to help the people he imagined were at risk of being deported.

Unbeknownst to him, the "immigration activity" he had seen on TikTok was actually agents from Homeland Security Investigations executing a warrant. (*Id.* ¶ 14.)

Mr. Torres used his car to momentarily block the pathway of the agents' vehicles. (*Id*. ¶ 21.) He then followed the agents, at times swerving towards them and getting in front of them and applying the brakes. (*Id.*) After a few minutes of following the agents' vehicles on the freeway, Mr. Torres realized that was he was doing was stupid and wrong, and he went home. Mr. Torres never touched, hit, or made any contact with any of the agents.

Special Agent Ryan Ribner investigated the incident and asked Mr. Torres to speak with him on May 5, 2025. (PSR ¶ 27.) Mr. Torres agreed and met with Agent Ribner in person that day. (*Id.*) Mr. Torres was forthright and entirely remorseful with Agent Ribner. (ROI 6, attached as Exhibit A, at USAO_00000232.) at Mr. Torres addressed Agent Ribner politely, calling him "sir." (*Id.*) Through tears, Mr. Torres admitted his conduct and told Agent Ribner "I shouldn't have done that stupidness," and that he didn't even "know what I was trying to do." (*Id.*) Mr. Torres gave Agent Ribner consent to search his house and agreed to stay in touch with the agent. (*Id.* at USAO_00000237.)

Soon thereafter, Agent Ribner contacted Ms. Jaime-Flores and confirmed she was home. (PSR ¶ 34.) A team of agents then arrived and arrested both Mr. Torres and Ms. Jaime-Flores without incident. (*Id.* ¶ 35.) Agents noted that, upon their arrest, Mr. Torres asked the agents if he could accept all the responsibility for both himself and Ms. Jaime-Flores. (*Id.* ¶ 36.)

**C. Mr. Torres's bright future**

Mr. Torres made his initial appearance on May 14, 2025. (Dkt. 8.) He was released on an appearance bond and conditions that include regular alcohol and drug testing. (*Id.*) Although his first test was positive for marijuana due to pre-arrest use, he has tested negative for all substances since June 3, 2025 and has been perfectly compliant with his release conditions. (Dkt. 28; PSR ¶ 11.)

Mr. Torres also has excelled at his job. He began employment with a manufacturing company in March 2025. (Letter of Employer, attached as Exhibit B.)

His manager, Ted Nevarez, says that his interactions with Mr. Torres have been "overwhelmingly positive." (*Id.*) Mr. Nevarez goes on to explain that while Mr. Torres started in a temporary role, he hired him full time in October 2025 and has since earned a promotion. (*Id.*) Mr. Nevarez states that Mr. Torres "works almost 60 hours a week," that he "shows up every day at 4:00 a.m.," and that he has been a "positive influence on the company and other employees." (*Id.*)

Finally, Mr. Torres was quick to accept responsibility for his offense. Without filing any motions or other challenges, he agreed to plead guilty to obstructing or interfering with a federal officer in violation of 18 U.S.C. § 1501. (Dkt. 34.)

## III. ARGUMENT

### A. The PSR

Mr. Torres does not dispute the guidelines calculation in the PSR. However, he notes several factual inaccuracies in the PSR that do not affect the guidelines calculation.

#### 1. Page One: Detainers

The PSR incorrectly states that Mr. Torres has detainers in Los Angeles Superior Court Case Numbers 0VV00562 and 0CS0574. The first case, 0VV00562, does not appear to related to the instant Mr. Torres. Information available online for that case lists the defendant as "Gustavo Manuel Torres," but the instant defendant's middle name is Antonio, not Manuel. (*See* Exhibit C.) Moreover, 0VV00562 does not appear on Mr. Torres's "rap sheet" produced by the government.

Los Angeles Superior Court Case 0CS0574 does relate to Mr. Torres, but that matter does not have an outstanding warrant. (*See* Exhibit D.) The docket shows that Mr. Torres appeared in May and was reinstated on probation. (*Id.*)

#### 2. Paragraph 18

In his plea agreement, Mr. Torres admitted that he "blocked and swerved at the officers' vehicles and applied the brakes of the car he was driving in front of the officers' vehicles." (Dkt. 34 ¶ 10.) Paragraph 18 of the PSR recounts a belief from one

of the occupants of the vehicle that he believes this "brake checking" was an attempt to cause a collision. Although Mr. Torres does not dispute that the occupant made this statement, Mr. Torres did not attempt to cause an accident. That allegation is absent from the factual basis agreed upon by both parties. Rather, Mr. Torres's application of the brakes was an effort to hinder or stymie the vehicle's progress—not to cause an accident.

**3. Paragraph 63**

As noted above, Mr. Torres is compliance with the terms of his probation in Los Angeles Superior Court Case 0CS05748. (Exhibit D.) The PSR's indication that a bench warrant is outstanding is therefore incorrect.

**4. Paragraph 69**

As noted above, Los Angeles Superior Court Case 0VV00562 appears to involve another individual—"Gustavo Manuel Torres"—and not the defendant in this case. (Exhibit C.)

**B. The appropriate sentence**

In the plea agreement, the parties agreed that the appropriate sentence is a term of imprisonment at the low end of the guidelines range (as capped by the statutory maximum). Pursuant to that agreement, Mr. Torres asks this Court to sentence him to a term of twelve months' imprisonment, no fine, one year probation, and a $25 special assessment.

Mr. Torres acknowledges that he was wrong to obstruct and impede law enforcement on February 28, 2025. Indeed, he was immediately remorseful and cooperative with the investigating agents. Although it does not excuse his conduct, it is clear that his offense was not a premeditated or sophisticated one. Rather, it was an action that Mr. Torres did rashly and without considering the consequences.

This Court may be concerned by Mr. Torres's criminal history. But just as important is the fact that Mr. Torres has shown that he can comply with court orders. He has been perfectly compliant with the terms of his release in this matter and he

has—for the first time in his life—succeeded in maintaining sobriety. Perhaps most encouragingly, he has excelled on the job, proving that he can leave his youthful mistakes behind him and be a productive member of society.

## IV. CONCLUSION

Accordingly, Mr. Torres respectfully requests that the Court impose the sentence stipulated in the parties' plea agreement: 12 months' imprisonment, one year probation, no fine, and a $25 special assessment.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 10, 2026

By *_/s/ David Menninger_*

DAVID MENNINGER
Deputy Federal Public Defender
Attorney for GUSTAVO TORRES